The order below is hereby signed.

Signed: June 4 2015



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
TERESA A. MUELLER,             )     Case No. 14-00569
                               )     (Chapter 7)
            Debtor.            )
_____ )
                               )
BANK OF VIRGINIA,              )
                               )
            Plaintiff,         )
                               )
      v.                       )
                               )     Adversary Proceeding No.
TERESA A. MUELLER,             )     15-10004
                               )
            Defendant.         )
                               )

<u>SCHEDULING ORDER</u>

The following dates having been established at a scheduling

conference held before this court on May 14, 2015, this order

sets forth the following critical dates:

**September 16, 2015:   Disclose experts.**

**October 16, 2015:     Complete discovery.**

**December 4, 2015:     File any motions including dispositive
                        motions.**

| December 4, 2015: | Pretrial statements due.  Furnish to opponents copies of exhibits (bearing exhibit stickers pre-marked with adversary proceeding number and with exhibit <u>numbers</u> for plaintiff, <u>letters</u> for defendant. |
|---|---|
| December 18, 2015, or fourteen days after submission of pretrial statements and exhibits: | Objections to exhibits, to deposition portions being offered in evidence, and to qualification of witnesses due. |
| January 6, 2016 at 10:00 am: | Pretrial Conference. |
| January 21-22, 2016 at 10:00 a.m. | Trial Date. |

It is ORDERED as follows:

1.  This is a core proceeding.

2.  All discovery regarding these claims <u>except</u> requests for admissions shall be completed by **October 16, 2015**.  All written discovery requests, including interrogatories, requests for production, and depositions upon written questions shall be made at a sufficiently early date to assure that the time for response expires before the discovery completion deadline.

3.  All motions, including dispositive motions, motions to compel discovery, and motions to amend pleadings and join additional parties, shall be filed by **December 4, 2015.** Memoranda of law in opposition to any such motion shall be filed within **fourteen (14) days** of the filing of the motion.  Reply

memoranda in support of any such motion shall be filed within **seven (7) days** of the filing of memoranda in opposition to the motion.

4. Unless otherwise ordered, the disclosure under Fed. R. Civ. P. 26(a)(2) of experts and the furnishing of the expert's written report, if any, shall be made no later than **September 16, 2015**, for any experts opining on issues on which a party bears the burden of proof. A written report need not be furnished if the expert has not created a written report.

5. A final pretrial conference in this adversary proceeding shall be held on **January 6, 2016, at 10:00 a.m.** in Courtroom 1, United States Courthouse, 3rd Street and Constitution Avenue, N.W., Washington, D.C. 20001.

6. Fed. R. Civ. P. 26(a)(3) (Pretrial Disclosures) applies in this adversary proceeding, but such disclosures shall be made in the party's pretrial statements rather than at the time specified in Rule 26(a)(3).

7. <u>Pretrial Statements</u>

By **December 4, 2015,** each party shall file and serve on every other party a Pretrial Statement in the form prescribed by sub-paragraph (a) of this paragraph. Amendments to a party's Pretrial Statement shall be permitted for excusable neglect until entry by the court of a final Pretrial Order. The parties may file a Joint Pretrial Statement and are encouraged at the very

3

least to file a joint statement of any of the facts they can
stipulate to be true.  The final Pretrial Order may incorporate,
in whole or part, the parties' Pretrial Statements.  Objections
to the final Pretrial Order shall be promptly made, and shall be
determined by the court before trial.  Thereafter no departures
from the final Pretrial Order shall be permitted except to
prevent manifest injustice.

    (a).  Contents of Pretrial Statements

A party's Pretrial Statement shall contain the following:

> (1) a statement of the proceeding setting
> forth a brief description of the nature of the
> proceeding, the identities of the parties, and
> the basis of the court's jurisdiction;
>
> (2) a statement of stipulated facts, if any;
>
> (3) a statement of claims setting forth each
> claim a party has against any other party
> (including counter-, cross-, and third-party
> claims) as well as the identity of the party
> or parties against whom the claim is made;
>
> (4) a statement of defenses setting forth each
> defense a party interposes to a claim asserted
> against it by any other party, including
> defenses raised by way of general denial,
> without regard to which party has the burden
> of persuasion;
>
> (5) an itemization of damages that the party
> seeks to recover setting forth separately each
> element of damages (and the monetary amount
> thereof) the party claims to be entitled to
> recover of any other party, including
> prejudgment interest, punitive damages and

attorneys' fees;[1] and

(6) a separate request for all relief, other than judgment for a sum of money, the party claims to be entitled to receive against any other party.

(b). <u>Proposed Stipulation of Facts</u>

In the event that the parties are unable to reach agreement as to any specific facts in advance of the pretrial conference, they shall attach a statement of facts that each party reasonably believes could be stipulated at the pretrial conference as an exhibit to the Pretrial Statement.

(c). <u>Schedule of Witnesses, Exhibit List, & Deposition Designations</u>

Each party shall attach the following as separate exhibits to the Pretrial Statement:

(1) a schedule of witnesses substantially in conformance with the Local Official Form attached below (<u>i.e.</u>, setting forth the full name and telephone number of each witness, briefly describing the testimony to be elicited from the witness, and estimating the time needed to elicit such testimony), which schedule shall separately identify those witnesses whom the party expects to present and those whom the party may call if the need arises (but not those from whom it expects to elicit testimony only by way of cross-examination), and which will designate expert witnesses (if any) as such by including the designation "expert witness" after the witness's name;

---

[1]   No monetary amount need be set forth for elements of intangible damage (<u>e.g.</u>, pain and suffering, mental anguish, or loss of consortium).

5

(2)  an exhibit list substantially in
conformance with the Local Official Form
attached below (_i.e._, identifying each exhibit
by title and date), which list shall number
exhibits sequentially, with the plaintiff(s)
using _numbers_ and the defendant(s) using
_letters_ (_e.g._, A, B, C, _etc._, followed by AA,
AB, AC, _etc._, then BA, BB, BC, _etc._), and
which shall distinguish between those exhibits
that the party expects to offer and those that
the party may offer if the need arises; and

(3)  a designation of deposition testimony to
be offered into evidence at trial (if any)
identifying each deposition or portion thereof
(by page and line numbers) that the party
intends to offer in evidence.[2]

8.  By **December 4, 2015,** the parties shall (1) number their
exhibits (in accordance with their list of exhibits) using
exhibit stickers, on each of which shall be placed the adversary
proceeding number for this proceeding, and (2) furnish copies to
the opposing parties.  Before or at the commencement of the
trial, each party shall submit to the clerk of the court (or to
the courtroom clerk at the pretrial conference):

(1)  two copies of the party's schedule of
witnesses and exhibit list; and

(2)  two copies of the party's exhibits.[3]

---

[2]  If a deposition was not taken stenographically (_e.g._, was
a videotaped deposition), the party seeking to use portions of it
shall be responsible for filing and serving a transcript of those
portions of the deposition testimony.

[3]  The two copies are _in addition to_ the party's original
copy of the exhibit, and are intended for the judge and his law
clerk to examine and mark up when a witness is examined regarding
the original of the exhibit.

9. <u>Objections to Witnesses, Exhibits and Deposition Designations</u>

Pursuant to Fed. R. Civ. P. 26(a)(3), by **December 18, 2015**, an opposing party may serve and file a list disclosing (1) any objections under Fed. R. Civ. P. 32(a) to portions of a deposition designated by another party, including any cross-designation of additional parts of the deposition pursuant to Fed. R. Evid. 106, and (2) any objection, together with the grounds therefor, that may be made to the admissibility of exhibits listed by another party.  If later than **December 18, 2015**, such objections will also be deemed timely if filed within **fourteen (14) days** of the date on which the depositions are designated (for objections under Rule 32 or cross-designations of deposition testimony) or within **fourteen (14) days** of the date on which exhibits are listed by an opposing party (for objections to exhibits).  By **December 18, 2015,** or within **fourteen (14) days** of the filing of the opposing party's witness list (whichever is later), parties may serve and file any objections to witnesses (including any objections as to the qualifications of an expert to express an opinion).  <u>Objections to evidence not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown</u>.

10. The trial in this matter will be held on **January 21,**

**2016, at 10:00 a.m.**   If the trial does not conclude in one day,

it will continue on **January 22, 2016, at 10:00 a.m.**

[Signed and dated above.]

Copies to: All counsel of record.

**LOCAL OFFICIAL FORM**

LOCAL OFFICIAL FORM NO. 8

_____'S WITNESS AND EXHIBIT RECORD

| Date | Case or Adv. Pro. No. | Operator* | Page Number |
|------|----------------------|-----------|-------------|
|      |                      |           |             |

| Name of Witness | Brief Description of Testimony to be Elicited | Estimated Time to Elicit Testimony | Date Called* |
|-----------------|-----------------------------------------------|------------------------------------|--------------|
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |
|                 |                                               |                                    |              |

*For Court Use

Page ____

| Exhibit Number | Description | ID* | Date Admitted* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*For Court Use